# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3292

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Daniel F. Ward, | * | **[UNPUBLISHED]** |
| | * | |
| Appellant. | * | |

_____

Submitted: January 15, 2003
Filed: January 22, 2003

_____

Before WOLLMAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Daniel Ward pleaded guilty to health care fraud, in violation of 18 U.S.C. §§ 1347 and 2. After increasing Ward's base offense level for abusing a position of public or private trust, the district court[1] imposed a sentence of 5 months imprisonment and 5 months home detention, 3 years supervised release, and restitution of $49,944.01. On appeal, counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred in applying the abuse-of-trust increase.

_____

[1]The HONORABLE HOWARD F. SACHS, United States District Judge for the Western District of Missouri.

The district court did not err.  Ward occupied a position of trust--which he abused--with respect to Medicare, because he was able to defraud Medicare by certifying that in his professional judgment treatment was medically necessary and had been provided.  See U.S.S.G. § 3B1.3, comment. (n.1); United States v. Hodge, 259 F.3d 549, 556-57 (6th Cir. 2001); United States v. Hoogenboom, 209 F.3d 665, 671 (7th Cir. 2000); United States v. Rutgard, 116 F.3d 1270, 1293 (9th Cir. 1997).  Further, having reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issue.

Accordingly, we grant counsel's motion to withdraw, and we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.